**LITTLER MENDELSON**
A Professional Corporation
One Newark Center - 8th Floor
Newark, New Jersey 07102
973.848.4700
Attorneys for Defendant
   *Petco Animal Supplies Stores, Inc.*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| FRANK MCQUILLAN,<br><br>        Plaintiff,<br><br>vs.<br><br>PETCO ANIMAL SUPPLIES STORES, INC.; PETCO DISTRIBUTION CENTER AND JOHN DOES 1-5 AND 6-10,<br><br>        Defendants. | Civil Action No. TBA<br><br>**NOTICE OF REMOVAL**<br><br><u>**ELECTRONICALLY FILED**</u> |

**TO:**    **The Clerk and The Honorable Judges**
       **of The United States District Court**
       **for The District of New Jersey**

       **Kevin M. Costello, Esq.**
       **Costello & Mains, P.C.**
       **18000 Horizon Way, Suite 800**
       **Mount Laurel, NJ 08054**
       *Attorneys for Plaintiff*

     Defendant Petco Animal Supplies Stores, Inc. ("Defendant" or "Petco")[1] hereby files this Notice of Removal of the above-captioned action with the United States District Court for the District of New Jersey, from the Superior Court of New Jersey, Law Division, Middlesex County, where the action is now pending, as provided by Title 28, United States Code, Chapter 89 and in support thereof alleges:

---

[1] There is no corporate or employer entity named "Petco Distribution Center."

## PLEADINGS AND PROCEDURAL HISTORY

1. Plaintiff, Frank McQuillan ("Plaintiff"), commenced this action on or about August 16, 2013 by filing a Complaint in the Superior Court of New Jersey, Law Division, Middlesex County, captioned *Frank McQuillan v. Petco Animal Supplies Stores, Inc., Petco Distribution Center, and John Does 1-5 and 6-10*, and bearing Docket No. L-5290-13 (the "State Court Action"). The State Court Action is now pending in that court. (Attached hereto as **Exhibit A** is a copy of Plaintiff's Complaint). Plaintiff's Complaint makes a jury demand.

2. The State Court Action arises out of Plaintiff's former employment with Defendant. In his Complaint, Plaintiff alleges wrongful discharge in violation of the New Jersey Workers' Compensation Act, N.J.S.A. § 34:15-39.1 *et seq.* ("NJWCA") and disability discrimination and hostile work environment in violation of the New Jersey Law Against Discrimination, N.J.S.A. § 10:5-1 *et seq.* ("NJLAD").

3. On or about August 26, 2013, Plaintiff served the Summons and Complaint on Defendant, which Defendant received on August 28, 2013. (Attached hereto as **Exhibit B** is a copy of the Summons).

4. Upon information and belief, as of the date of this Notice of Removal, no other parties have been named or served with the Summons and Complaint in this action.

## TIMELINESS OF REMOVAL

5. This Notice of Removal is timely filed within 30 days of August 28, 2013, as required by 28 U.S.C. § 1446(b)(3) ("notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of... other paper from which it may first be ascertained that the case is one which is or has become removable") and 28 U.S.C. § 1446(c)(3)(A) (responses to discovery shall be treated as an "other paper" under 28 U.S.C. § 1446(b)(3)).

6. This notice of removal is also filed within one year of the commencement of the State Court Action and therefore is timely under 28 U.S.C. § 1446(c)(l).

**VENUE**

7. The Notice of Removal has been filed in the United States District Court for the District of New Jersey, the district court of the United States for the district and division within which the State Court Action is pending, as required by 28 U.S.C. §§ 1441(a) and 1446(a).

**GROUNDS FOR REMOVAL**

**DIVERSITY JURISDICTION PURSUANT TO SECTION 1332**

8. Removal of Plaintiff's claims to this Court is proper because the parties are citizens of different states. Specifically, under 28 U.S.C. § 1332:

(A) Plaintiff currently is, and was at the time he filed the Summons and Complaint in state court, a citizen of the state of New Jersey. (*See* **Exhibit A**, Complaint, ¶ 1).

(B) For diversity jurisdiction purposes, a corporation such as Petco is deemed a citizen of its State of incorporation and the State where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1). As recently clarified by the United States Supreme Court in *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010), "the phrase 'principal place of business' [in Section 1332(c)(1)] refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities. Lower federal courts have often metaphorically called that place the corporation's 'nerve center.' We believe that the 'nerve center' will typically be found at a corporation's headquarters." (Citations omitted.) *See also Hertz Corp.*, 559 U.S. at 91-92.

(C) Defendant is, and was at the time Plaintiff filed the Summons and Complaint in state court, a citizen of states different than New Jersey (namely Delaware and California) under 28 U.S.C. § 1332(c), as it is incorporated in the state of Delaware and its corporate headquarters are located in the state of California. Thus, Defendant is a citizen of

3

Delaware and California for the purposes of determining diversity of citizenship.

9. Complete diversity exists now and at the time the State Court Action was filed because Plaintiff and Defendant are citizens of different states.

10. Defendant believes that, to date, Plaintiff has not named or properly served any of the alleged John Doe defendants in this matter. Because Plaintiff has not named or served these defendants sued under fictitious names, they are to be disregarded for the purpose of this removal. *See* 28 U.S.C. § 1441(a).

**THE AMOUNT IN CONTROVERSY REQUIREMENT IS MET[2]**

11. Likewise, the amount in controversy requirement under 28 U.S.C. § 1441 is met based on the combination of the following facts:

(A) Plaintiff did not allege a specific of amount of damages in his Complaint. Although Defendant submits that Plaintiff is not entitled to any recovery, for each count of the seven-count Complaint, Plaintiff demands judgment for, *inter alia*, "compensatory damages, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, and any other relief the Court deems equitable and just." (*See* **Exhibit A**, at Wherefore clauses).

(B) According to a reasonable reading of the Complaint and a preponderance of the evidence, the amount in controversy exceeds the jurisdictional minimum of $75,000.00. *See Angus v. Shiley, Inc.*, 989 F.2d 142, 146 (3rd Cir. 1993) (where plaintiff does not set a limit for damages, the Court should make a reasonable reading of the value of the claim that plaintiff has asserted and come to an independent valuation of the amount plaintiff has claimed).

---

[2] Defendant does not concede Plaintiff's allegations are true or that his claims have any merit. Defendant provides the following only to demonstrate that the amount in controversy, based on the demand and relief sought by Plaintiff, taken as a whole exceeds the $75,000 jurisdictional requirement. Thus, this Court has original jurisdiction over the claims asserted by Plaintiff in this action based on diversity of citizenship jurisdiction under 28 U.S.C. §§ 1332(a) and 1441(a).

(C)     Plaintiff claims that his employment terminated on February 27, 2013. (*See* **Exhibit A**, at ¶ 5).  At the time of his discharge, Plaintiff worked as a Warehouse Worker II, earning $12.10 per hour and working 40 hours per week. Plaintiff's alleged gross back pay damages alone, calculated from his date of discharge in February 2013, are, at a minimum, over $15,000.00.

(D)     Moreover, assuming Plaintiff seeks back pay through a trial date that is likely to be set for a date 18 months from the filing of his Complaint (i.e., February 16, 2015), a reasonable estimate of Plaintiff's alleged economic losses (i.e., back pay, front pay, loss of benefits), should he prevail, far exceed the sum or value of $75,000.00.  *See Angus*, 989 F.2d at 146.

(E)     Plaintiff also seeks attorney's fees "along with statutory and required enhancements to said attorneys' fees" which are a "necessary part of the amount in controversy if such fees are available to successful plaintiffs under the statutory cause of action [asserted]." *Goralski v. Shared Techs., Inc.*, 2009 U.S. Dist. LEXIS 69042, *16-17 (D.N.J. Aug. 7, 2009) (citation omitted).  The NJLAD provides for the recovery of attorney's fees to the prevailing employee. *See* N.J.S.A § 10:5-27.1. Accordingly, such fees should be calculated as part of the amount in controversy requirement.

(F)     Plaintiff further seeks punitive damages.  "The Court must consider the plaintiffs' demand for punitive damages when calculating the amount in controversy, and can aggregate these damages with the requested compensatory damages."  *See Goralski*, 2009 U.S. Dist. LEXIS 69042 at *15-16; *see also Golden v. Golden*, 382 F.3d 348, 355 (3d. Cir. 2004) (noting that jurisdictional amount in controversy may be satisfied on the basis that the complaint seeks punitive damages and such claims are not patently frivolous and without foundation).

12. Aggregating these amounts, as is appropriate for evaluating removal based on diversity jurisdiction, the amount in controversy exceeds the jurisdictional minimum of $75,000.00. *See Frederico v. Home Depot*, 507 F.3d 188, 197 (3d Cir. 2007) (aggregating punitive damages and attorney's fees when calculating amount in controversy); *see also Raspa v. Home Depot*, 533 F.Supp.2d 514, 522 (D.N.J. 2007) (noting that even on its own, "a request for punitive damages will generally satisfy the amount in controversy requirement[.]").

13. It should be observed that Plaintiff also requests equitable remedies including, but not limited to, reinstatement. (*See* **Exhibit A**, at ¶ 61). Where declaratory or injunctive relief is sought, in New Jersey, "it is well established that the amount in controversy is measured by the value of the object of the litigation." *See Russ v. Unum Life Ins. Co.*, 442 F. Supp. 2d 193, 198 (D.N.J. 2006) (*quoting Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)). Here, Plaintiff claims that "he "performed up to and beyond all reasonable expectations of his employer." (*See* **Exhibit A**, at ¶ 6). Accordingly, it is reasonable to conclude that Plaintiff expected continued employment (plus fringe benefits and other remuneration for which he was or would be eligible) and that, as a result, the value of reinstatement exceeds the sum or value of $75,000. (*See* **Exhibit A**, at ¶ 61).

14. Accordingly, this Court possesses original jurisdiction over this action under 28 U.S.C. § 1331 (a), which provides for original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

15. Upon filing of the Notice of Removal, Defendant gave written notice thereof to the Clerk, Superior Court of New Jersey, Law Division, Middlesex County, pursuant to 28 U.S.C. §1446(d). Attached hereto as **Exhibit C** is a copy of the Notice of Filing of Notice of Removal,

the original of which is being filed with New Jersey Superior Court Clerk, Law Division, Middlesex County.

16. Upon filing of the Notice of Removal, Defendant also gave written notice thereof to Plaintiff's counsel, Kevin M. Costello, Costello & Mains, P.C., pursuant to 28 U.S.C. § 1446(a). Attached hereto as **Exhibit D** is a copy of the Notice to Adverse Party of Filing of Notice of Removal, the original of which is being served on Plaintiff's counsel.

17. By filing the Notice of Removal, Defendant does not waive any objections it may have as to service, jurisdiction, or venue, or any other defenses available to it at law, in equity or otherwise. Defendant intends no admission of fact or law by this Notice and expressly reserves all defenses and motions.

18. If the Court should be inclined to remand this action, Defendant requests that the Court issue an Order to Show Cause why the case should not be remanded, providing Defendant an opportunity to present briefing and argument prior to any possible review. Because a remand order is not subject to appellate review, such a procedure is appropriate.

**WHEREFORE**, Defendant respectfully requests that this action proceed in this Court as an action properly removed to it.

Respectfully submitted,

/s/ Eboneé Hamilton Lewis
Eboneé Hamilton Lewis
**LITTLER MENDELSON, P.C.**
Attorneys for Defendant
*Petco Animal Supplies Stores, Inc.*

Dated: September 27, 2013

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, I caused a copy of the attached Notice of Removal with all exhibits to be served on Plaintiff's counsel via Federal Express to Kevin M. Costello, Esq., Costello & Mains, P.C., 18000 Horizon Way, Suite 800, Mount Laurel, NJ 08054.

                                                      /s/ Eboneé Hamilton Lewis
                                                        Eboneé Hamilton Lewis

Dated: September 27, 2013

Firmwide:123051241.1 060429.1101